Our next case is Caprio v. Healthcare Revenue Recovery Group. Good morning, counsel, or hey, it's good afternoon. Good afternoon. Good afternoon. We're pleased to court. My name is Joseph Jones on behalf of the appellant Raymond Caprio. Did you want to reserve any time, sir? Yes, about four minutes. Four minutes? Yes, go ahead. There's an important case that about 21 years ago. You're Mr. Jones? Mr. Jones, right. Excuse me, you say, you're Mr. Jones? Jones. Okay. Very easy, Joseph Jones. Approximately 21 years ago, this court decided a very important case in the fair debt collection practice arena, what we call the FDCPA. I want to talk about that case just for a moment because it's important to the case here at hand. The case that this court decided about 21 years ago was Graziano v. Harrison, and the reason that it's important is that a couple very bright rule decisions came out of there, and the first one was that the court decided that for a consumer to dispute a debt effectively and to invoke the protection provided to that consumer under the Fair Debt Collection Practices Act, that dispute has to be in writing, meaning they cannot call to dispute it, they can't set up a smoke signal. So Graziano should tell us, presumably, that there are not two equally effective means of contesting a purported debt, therefore the letter here doesn't fall within the ambit of what is legal. That would be correct. We would have to define what writing means in today's world. We have e-mails and that kind of stuff outside of a pen on the paper. But yes, a telephone call would not suffice, and it tells us that you need to put this dispute in writing, and you need to do that in order to invoke the privileges and the protection provided underneath the FDCPA. You acknowledge that there was a valid – it contained a proper validation notice in this letter. I would say – How did what you say was wrong somehow overshadow that valid – that proper validation? Okay, well, I would start by saying that I won't agree that the notice is proper, okay? The words, the statute is in there, but to properly give that notice, Graziano, as well as it's well established in the FDCPA arena, is that they have to give that notice effectively and clearly and in a non-confusing manner to the consumer. So simply putting the words on a piece of paper isn't enough. Well, how do you say that the notice here overshadowed what was a valid, you know, notice? Sure. The way I would say that it overshadows it is multifold. First of all, the letter starts out on the very front of the letter saying validation notice, okay? It doesn't say in the back that that's a validation notice. It says in the reference line of the letter. It has a computer number, then it says validation notice. So the least sophisticated consumer, which is a standard that we use when evaluating FDCPA cases, when you look at this letter, it starts out by saying validation notice. So the least sophisticated consumer is reasonable to believe that this is the validation notice. After the introductory paragraph, the next paragraph is the key here. It says that if we can answer any questions for you, comma, or if you feel you do not owe this debt, comma, then in boldface, please call us at, then it gives a toll-free number in boldface, or write us at the above address. This is an attempt to collect debt. Any information would be used for that purpose. When you read that sentence, it basically is saying what? If you feel that you do not owe this money, meaning if you dispute this debt, you have one of two things. Either call us at this toll-free 800 number or send us a letter or send us something in writing. That's what it says, okay? I didn't write the letter. But doesn't the consumer have a third choice? The consumer can simply rip it up. Now, if the consumer simply rips it up, all you can do is sue him. Well, if the consumer rips it up and doesn't respond to the notice, that allows the debt collector to assume that the debt is valid. Okay, fine. Nevertheless, the consumer can say, well, that's what you think. But you've got to say, but I'm not paying it. So all you can do is sue him. And then the consumer hasn't lost his defense. Because the consumer says, hey, they got the wrong person. Well, Your Honor, it's not what we would do because I'm representing a consumer here. But the consumer, if he didn't respond, he subjects himself to being, you know, collected upon a suit or however else they're going to go about collecting it. But nevertheless, in court, he can defend against the debt and say, I don't know, the judge. If I were the judge, I'd say, wait a second, this guy is being charged this money, and he wasn't even the person. That's correct. The underlining debt has very little to do with the requirements of the debt collector to provide statutory notice to the consumer. In this case, to provide a notice that is misleading. The consumer cannot dispute the debt by way of a telephone call. The Ninth Circuit in the Tehran case, which you're aware of, held that the validation notice is not overshadowed or contradicted if there's no threat or demand for communication that overshadows the validation notice. There's nothing here that was threatening or demanding. I agree that that's what that case says, Your Honor. However, that case is not on point with this case, and that case is out of the Ninth Circuit, which doesn't have a Graziano decision from this court. That case, Tehran, dealt with a completely different issue. It never even, if you read the case, it never even talks about how to dispute the debt. What that case involved was a notice on the debt collection letter, a little blurb that said something to the effect that, we request that you contact us immediately and talk to our collection assistant within 30 days. It had nothing to do with disputing the debt, invoking the privileges, and the rights underneath the Fair Debt Collection Act. It simply instructed the client or the debtor to go ahead and call an assistant, and I would agree with that court on that issue. But that's not the issue in this case. The issue in this case is whether or not the consumer has two choices, two methods for disputing the debt, either calling or in writing, and they only have one choice in this circuit. That is to dispute the debt in writing, not to call. The court erred by relying upon Tehran. Tehran's not on point with this. And even if it was on point with this, which it's not, they don't have Graziano in here. So it's just per se a violation of Graziano's methods. It's per se a violation. Even if you follow the logic that the district court took here by saying that it's an invitation to call, okay, even if you follow that, it's an invitation to do what? It's an invitation to call and dispute the debt. No, immediately on the same page right there, it directed you to the validation requirement. Yes, and that's part of the problem, because the front of the letter says it's a validation notification. On the back of the letter, there's nothing here to say that that is the validation notice. And the back of the letter, and this is a very confusing part to the least sophisticated consumer, the back of the letter does not say that the words back here supersede the words on the front of the letter. But if on the front of the letter it said, look, you can call us and we'll discuss this and we hope you do. Nevertheless, we want to direct your attention that to protect your rights, you have to comply with the validation. That would have been all right. That would have been all right. Some type of safe harbor language, some type of disclosure would have sufficed. Or they could have just taken that language out. There was no need for them to put into the letter, if you feel you do not owe this debt, please call. I mean, what did they think was going to happen when they wrote that in the letter? Well, some person might call up and say, you know, you got the wrong person or something, so it might be a good idea not to call. But that still doesn't invoke the rights and their protection underneath the FECPA. Wrong consumers get done all the time by collection agencies, particularly in today's environment. So your worst case scenario is one of your clients, well, I guess you're not a class yet, so your client calls on the 29th day, doesn't speak to someone, leaves a message and thinks that because they called based on this letter, they've reserved the right to contest. And they preserved the right to prevent the debt collector from assuming the debt is valid. And it has to be in writing for that reason because if it's not in writing, then the debt collector doesn't have to fulfill the other obligations. And the other obligations are providing verification of the debt to the consumer as well as providing the name and address and the contact information of the original creditor if it's not the original creditor in the letter. So by not disputing the debt in writing, the consumer is not preserving his right to all the other information that he's entitled to and the responsibilities that the debt collector has to follow. It's confusing between the front of the letter and the back of the letter, and that's the problem. The information is not clearly given to the consumer, and it needs to be clearly given to the consumer. All the case law in the FDCPA talks about overshadowing, it talks about misleading, and it talks about it being misleading if what they're saying could have two meanings, one of which is inaccurate, and that's the case here. Well, suppose your adversary said, look, Judge, every call that's made, we, for our purposes, assume that they haven't waived any of their rights, you know, and they don't assume that the debt's valid. Well, that would be fact-specific, and I would say that we would need discovery on that issue, and it's not proper to, if that's the case, it's not proper to dismiss it on the pleadings, okay, because there hasn't been any discovery done on this issue. But even if that were true, it still doesn't hold. The debt collector doesn't have the option of rewriting and maneuvering the Fair Debt Collection Practices Act to fit their business model. They have to follow what the Act says, and the Act says they have to give this information clearly, and they cannot give it in a misleading fashion, and informing the consumer that they can call is misleading. Well, why can't we conclude on the basis, you know, on the basis of the law, even with the prior precedents in the circuit, that there's nothing threatening in this letter, no saying you've got to pay immediately or anything, nothing harassing in that nature. It's merely a way of trying to open up a line of communication, and they do refer you to the validation. They could have said that. They could have said that in the letter, but they chose not to. They could have said in the letter exactly what Your Honor just said, but they chose not to, okay. They chose to put something in the letter that leads the least sophisticated consumer to call rather than write, okay, because it's a toll-free number, and it's written in boldface, and it's not even an option for them, okay. It's not an issue of whether or not the language is threatening, and that's the mistake that the district court made by looking at the language and saying it's threatening, whether it's threatening or not. That's not the case here. The case here is that the language is misleading. It misleads the consumer into what they have to do to invoke the rights underneath the FDCPA, and no matter how you read the letter, especially the least sophisticated consumer, they're going to read this letter and say, oh, you know what? I don't think I owe this money. What should I do? Well, let me look at the letter. The front of the letter says this is the validation notice. I'm going to do one of two things. I'm going to call, or I'm going to write, because this letter isn't just an invitation to call. This sentence here is instructions. It's instructions with a condition, and the condition is that if you feel you don't owe this debt, then follow these steps, and these steps are one, to call, or two, to write, and you can't do that in this circuit. This court's already decided that. You lost on a judgment on the pleadings, and your conclusion is that we reverse it. Okay. We reverse it. For what purpose? To reinstate the case so you can proceed with it, or are you asking for, in a sense, you're almost saying, look, I went on the liability on the basis of the pleadings. Well, in these type of cases, these FDCPA cases, okay, that are basically treated as a strict liability statute, you lose on the motion. If they were to lose a motion on the pleadings, we would still have to have some discovery. There would be class discovery, things of that nature that we would move forward. So we would just remand it for a. . . We would just pick up where we left off. An answer has been filed. Discovery has not happened yet. We would need to do some discovery. We would need to prove class in order to get class certification, and then we would move forward from there. Thank you. Thank you. Good afternoon, Your Honors. My name is Richard Perr on behalf of Health Care Revenue Recovery Group, which I will refer to as HRRG. Your Honors, we ask that the Court affirm the decision of the District Court in this matter. This Court can affirm the decision of the District Court without having to address the issue of Graziano. In taking a look at the letter that's in question, and the Court's already indicated that it's a very straightforward letter. The validation language exists. The precedent of this Court has already been that validation. . . Put the validation on the back. That's number one. And you put the phone number up front, and you both face the front of the letter. Yes, Your Honor. The validation language and having a notice, a clear and conspicuous notice. There's no dispute that this was a clear and conspicuous notice as opposed to the rest of the document. It's in capital letters. It's immediately in that paragraph. Notice, see reverse side for important information. And on the back of the letter by itself is centered in very large print. Yeah, but your bold on the first page is the phone number. You want people to call.  That's a problem. How do you get around it? There are two things, Your Honor. Let me first state that it is clear under the Federal Trade Commission, under the FDCPA, that collection activity can continue. Sending a letter doesn't stop collection activity. And there is a distinction between communication between a consumer and an agency trying to resolve the debt versus the consumer's desire to dispute the debt. And I'll get into specifically what does that mean because I think it's very important that the court understand under the statutory scheme what is disputing the debt. This is why I say that Graziano doesn't really come into play here. And having a conversation to resolve the debt, and that activity can plainly proceed. The consumer can call up and say, you know what, I don't think I owe $1,500. I only owe $750. Let's talk about a payment plan. Well, why shouldn't we follow the Fourth Circuit, which they held that putting the telephone number on the front with a least, you know, a sophisticated consumer emphasized, instructed the consumer about, you know, call if you have a problem to dispute the debt. And in the back, you put the validation. So you're dealing with someone who is not sophisticated. You put the phone number. He has boldface on front. Does that tell someone I'm qualified? I don't know this, or they got the wrong guy. No, Your Honor, because the requirement. The Fourth Circuit held just that, you know. I understand, Your Honor. But you have to take a look at everything in the context of the facts. First of all, in the least sophisticated consumer standard, the consumer still has to read it with care. They still have to read the letter in its entirety. You can't take something piecemeal and just ignore it. Why did you bold it then? Well, because they're – You want them to call. They're permitted to call, just as much as we're permitted to say, please pay immediately. Like Wilson – It's a validation notice. But the validation notice – well, first of all, it's all caps. The validation notice is on the back side, and it's in very large print by itself. But it's not boldface. Boldface is something super important. No, in the telephone number, the name of the creditor is in boldface. Validation notice at the top is in boldface. The validation is on the back. You know, in determining or trying to decide which form of communication, whether things were in bold versus capital, is better than not. There's nothing bold on the back. I understand. I said that the back is by itself, all set out, and it is in larger print. But what's important in this is that if you look at Section G, 1692G, it establishes a couple different obligations under A. And this is where I'm going to talk a little bit about Graziano and where Graziano comes into play. Traditionally, the statement says, as written by Congress, that under Section G.A.3, that it has to include a statement that unless the consumer within 30 days after receipt disputes the validity of debt or any portion thereof, the debt will assume to be valid. Now, this Court has determined in Graziano that there's a writing requirement that accompanies Section 3. But it further goes on and says that a statement within writing, within the 30-day period, that in order for the debt collector to obtain verification, it also says that if they do so in writing, the consumer can obtain the name and address of the original creditor. However, when you go to Section B, Disputed Debts, Congress has set forth what happens when, in writing, you dispute the debt under Section 4 or Section 5. It already talks about what happens in Section 3, which is this assumption that the debt is valid. And I would submit to the Court that the protections afforded to the consumer by Section G, about the assumption of the debt being valid, has little commercial impact. Whether the company or the collector assumes it to be valid or not to be valid doesn't change the dynamic and the relationship between the consumer and the collector. However, if in writing under Section – Is that to test whether it changes the dynamic or is the test whether the least sophisticated consumer understands his or her rights and understands that if they call, that doesn't comply with the back of the notice and it doesn't comply with what the law of the circuit is? It does matter, Your Honor, because what the test here is is overshadowing. So you have to ultimately come back to what is overshadowing, which has encouraged somebody to ignore their rights, and what is the result of that going to be? And all of the cases that talk about overshadowing is that conflict between one portion and another portion. So if the requirement of in writing and inviting somebody to communicate with you is really, in fact, the question of the debt being assumed to be valid or not and we're going to have to apply that test of saying is it overshadowed by saying call us. And it doesn't say call us if you don't owe this debt. It says call us if you don't owe this amount. I think that's an important word as well because amount can mean the dollar amount of the debt. It doesn't say if you want to dispute the debt, if you don't think you owe the debt. It says call us if we can answer any questions or you feel you don't owe this amount. So when you have the back of the sentence, and let me just jump back to the B section. What B says is that if you dispute the debt in writing, the collector must cease collection activity until they either provide the verification, as outlined in A4, or they return and provide the name of the original creditor, as in A5. So A4 and 5, if you receive a written notice under A4 or 5, the collector must cease collection activity. And all of these cases that talk about verification and validation and overshadowing, and they're all different in the reason than this circuit because of Graziano, which drags in A3. But the statutory scheme under B applies to 4 and 5. So the question, and it even says. But I don't get it. B talks about in writing. Correct. But it refers to only 4 and 5. It doesn't refer to 3. So 4 and 5, the cessation of collection activity has to be in writing. But what I'm trying to get to is that in order to cease collection activity, which is the remedy that would be provide a protection to the consumer, you must provide it in writing anyway. It is irrelevant whether you wish to dispute under A3 by phone in other circuits or in this circuit in writing. The fact is if you dispute in writing under A3 and are not requesting verification, are not requesting that, the writing requirement is the automatic trigger. And that is not confusing. It is not overshadowing by that one sentence in the first page, that that person still must provide in writing. In order to cease collection activity, they still must provide it in writing. That is not confusing. It is not overshadowing. And there is no problem with the letter. Your whole argument that you're looking, this is just an invitation or you're opening up a lot of communication, doesn't that come up against who would be the least sophisticated consumer? They don't think in those terms. They get a letter, boldface up front, this is the number, you know, and it's legal bumbo jumbo and on the back is the validation notice, which is, you know, later on. So now you're talking about the least sophisticated person and there's a phone number up front in your face. Yes, Ron. And let me talk about that very briefly, about the least sophisticated consumer. Because, Your Honor, it's an area of practice in this area, as Mr. Jones almost entirely had arguments here before this court. I think that the issue is the least sophisticated consumer. Least sophisticated modifies consumer. I don't think there's a court in the country or a circuit that would suggest that the consumer is somebody who is not bound by the contract of the original creditor. Right? They have the capacity of the contract. No, no, no. This is a remedial statute. This statute is remedial. And your argument, does it take that into account? They are a least sophisticated consumer. They still have the sophistication of someone who engages in a personal credit transaction, who understands the underlying language, who is – Understands the – I'm sorry, the language in the underlying contract that created the debt. They're still bound by that. They're still – the word consumer is important. They are still a consumer. And the least sophisticated consumer still has to read the whole letter with care. They still have to read it and can't provide bizarre and idiosyncratic – When you read an opinion of this court, or any court, and some of it is bold-faced and some of it is plain print, do you give any extra consideration to what we bold-face than from what we just put in plain print? Yes or no? Yes, if there's a different text – Why wouldn't a least sophisticated consumer give the same deference to a letter collecting something – something's bold-faced, it's more important, more significant than something that's in plain print? Because – When you yourself, a highly sophisticated, educated man, would give the bold-faced portion of an opinion extra understanding as important. Two reasons, Your Honor. First of all, I don't ignore the rest of the opinion. I do so at my own peril. You pay more attention to the bold-faced part of our opinion. And the second portion of it is, Your Honor – Yes, Your Honor. And the second portion of that is because the word is overshadow, just like the term undue influence in other areas of the law. They can influence – you can still have influence in a case, but if a piece of evidence has undue influence, something extra, something beyond, then it may become impermissible. So the language is overshadow. It means to do something, and in a lot of these cases, it's to compel the consumer to ignore their rights at their own peril, such as trying to settle a case and respond to a settlement demand in 14 days when they have 30 days. This language does not overshadow the validation language, and that's the ultimate test. Aren't you really modifying the statutory requirements by having the notice worded as you do because statute obviously requires writing. You're implying to the – certainly my understanding of a least sophisticated consumer that calling will suffice, that, you know, whatever it is that they would have gotten from writing, they can get from calling. No. At no point does this letter tell someone not to call – I mean, not to write. In fact, it tells you at the end of that sentence to see the reverse side for important information and provides the language telling them to write if they want to affect – reading into it, the court is – and the statutory scheme suggests that the consumer understands that by writing, they are going to cease collection activity after 30 days. Within the 30 days, they're going to cease collection activity until they receive validation of the debt. So the situation is that no one has been told not to write to have that protection afforded to them. You are still – it goes back to you're still entitled to be able to communicate with the consumer to collect the debt. That process doesn't stop. It doesn't cease until they provide a writing. That's the law. So Graziano doesn't change that. They still have to provide the writing. And in order for them to cease collection activity, they have to provide a writing. HRRG could have called the consumer the day after they received this letter and said, are you interested in paying the debt? Not a problem. And if the consumer on the phone said, I'm not really interested in paying it or what can I do, and said, I really want to dispute it, that doesn't create them, because they may be initiated the call, to tell them, oh, we've got to stop collection activity. The letter is clear. You have to do it in writing. And HRRG and any other agency is not prohibited from engaging in that back-and-forth dialogue to resolve the debt. What this does is tell the consumer to stop collection activity. They have to do it in writing. It's on the letter. It's not overshadowed, the initial sentence. And for those reasons, the decision of the district court should be affirmed. Thank you. Any questions? Thank you. Mr. Jones. It's very quickly about the least sophisticated consumer. The least sophisticated consumer, we can't assume that the least sophisticated consumer understands the underlying contract that created the debt. Okay? In a situation like we have here, this is a case where the gentleman's young child was rushed to the emergency room. Okay? Received treatment at the emergency room and didn't pay a bill. I don't know if when he rushed into the emergency room with the child in his arms or not, he read the fine print on whatever he signed in the admission process. Okay? So just assume they understand. Is it necessarily true? Okay? There's a difference between disputing... I was at the doctor the other day. If I read it all, I would have bled to death before I started writing. That I understand. That's good God. That's what I am. The issue also with the amount, okay, by opposing counsel, that they could dispute the amount or the account or portion. The Fair Debt Collection Practices Act notice on the back, required notice, allows the consumer to dispute not just the debt in its entirety or any portion of the debt. Okay? They may think, well, I don't owe $1,500. I owe $1,200. Or I don't owe any of it. Or they got the wrong party. Or there's a dispute. I shouldn't have to pay it at all. So it isn't just a matter of calling to debate with the debt collector about the amount that's due. It's whether or not they think they owe the debt or any portion thereof. If they want to dispute that, they have a right to dispute it. And in order for them to invoke those rights, they have to do it by writing they cannot call. Okay? That's not necessarily true. The purpose of the consumer disputing the debt is not just to stop the collection activity. It's also to prevent the debt collector from assuming that the debt is valid. And if you read the first line of the G notice, it talks about if you dispute, unless you dispute within 30 days of the date of receipt of this letter, this debt, or any portion thereof, we will assume it's valid. Well, that's the first part. Yes, they get the other protections of getting verification. And yes, the debt collector has to stop reaching out to the consumer to collect the debt during that period until they provide verification. But the consumer never gets a second chance to prevent the debt collector from assuming the debt is valid if they don't respond properly within 30 days. And that's in writing. Okay? Not over the telephone. The back of the letter is problematic. Okay? It's not that the front of the letter overshadows the back, because it does. It's also misleading when you read the front in conjunction with the back. And this least-sophisticated consumer should read and hopefully reads the entire letter. And if they do, it becomes even more confusing, because the back of the letter does not state that it supersedes the notice on the front of the letter. The back of the letter does not state to follow these instructions and don't follow the instructions on the front of the letter. The back of the letter doesn't state that this is — that the front of the letter is only an invitation to call. Rather, the back of the letter contradicts the front of the letter. The back of the letter says one thing, and the front of the letter says something else, and we're asking the least-sophisticated consumer to understand this contradiction, choose the right one, and choose the right one that's going to involve them picking up a pen and paper or writing, spending 45 cents to put a stamp on an envelope and sending it in, as opposed to reading what's in both face and saying, please call with an 800 number, where the more we have to call the 800 number. So our position is that the letter is misleading, the front overshadows the back, and the front and the back contradict each other when read as a whole. Thank you. You also inherited that it would have been so easy for them to avoid it with one more sentence on the front saying you should understand that if you want to protect your rights, you better follow the pact. They could have used that type of language, some safe harbor language, and they chose not to. And I think they chose not to for a reason, because as Judge Greenaway said, they want the client, they want the debtor to call, and it's their way of getting a debtor to call. Thank you. All right, thank you very much, and thank you for a well-argued case. We'll take it under advisement.